WILLIAM HENRY DOWLEN, petitioner, v.
STATE OF TENNESSEE, Respondent.

450 S.W.2d 793.

Court of Criminal Appeals of Tennessee. Oct. 22, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

James E. Walton, Springfield, for petitioner.

George F. McCanless, Atty. Gen., Paul E. Jennings, Asst. Atty. Gen., Nashville, James M. Porter, Dist. Atty. Gen., Springfield, for respondent.

## OPINION

WALKER, Presiding Judge.

From the dismissal of his petition for post-conviction relief after an evidentiary hearing, the petitioner below, William Henry Dowlen, appeals to this court. In attacking as void his conviction for assault and battery on a

female over twelve years of age with intent to have unlawful carnal knowledge and ten to twenty-one years sentence, he contends (1) that the evidence preponderated in his favor, and (2) that he did not receive a trial by a fair and impartial jury of his peers in that no Negro or woman served on the jury which convicted him.

In his assignments on the weight of the evidence, the petitioner particularly complains that no medical testimony was introduced to show that he made an assault and battery on the prosecuting witness. These assignments on the evidence raise no constitutional question. A petition for habeas corpus or post-conviction relief may not be used to review or correct errors of law or fact committed by the court in the exercise of its jurisdiction. It may not be used as a substitute for an appeal. State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667. On February 2, 1968, we affirmed the conviction on his appeal. 450 S.W.2d 788 (cert. denied May 20, 1968). Therefore, these questions on the evidence have also been previously determined. T.C.A. Sec. 40-3812.

His final assignment is directed to the composition of the trial jury of twelve white males. In his testimony, he says the jury should have been half colored and half white. He makes no allegation that his race has been systematically or purposefully excluded from the jury. The clerk of the court, a witness for petitioner, testified that although the trial jury was all white and male, twenty-five percent of the names in the jury box were of Negroes. The petitioner offered no other proof of its composition.

In Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), the court said:

"* * * (A) defendant in a criminal case is not constitutionally entitled to demand a proportionate number of his race on the jury which tries him nor on the venire or jury roll from which petit jurors are drawn. (Citing authorities) Neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group."

The burden is, of course, on the petitioner to allege and prove the existence of purposeful discrimination. However, once a prima facie case is made out, the burden shifts to the prosecution. Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967).

This proof did not constitute a prima facie case requiring the State to refute it.

A defendant is denied the equal protection of the laws guaranteed by the Fourteenth Amendment if he is indicted by a grand jury or tried by a petit jury from which members of his race have been excluded because of their race, but purposeful discrimination may not be assumed. It must be proven. That has not been done here. See Swain v. Alabama, supra; State ex rel. Smith v. Johnson, 220 Tenn. 49, 413 S.W.2d 694 (1966).

For all of the foregoing reasons, the action of the lower court in dismissing the petition is affirmed.

Although the order entered indicates the court's decision, we take occasion to call attention to T.C.A. § 40-3818, which says that the court shall set forth in his

final order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground. It is the primary duty of the trial court to make the basic findings on factual issues. This procedure should be followed in all cases heard under the Post-Conviction Relief Act and the habeas corpus statutes.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

OLIVER and GALBREATH, JJ., concur.