**Charles Alexander BADGETT, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 13, 1987.

Permission to Appeal Denied by Supreme Court Dec. 28, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, William EL Dossett, Dist. Atty. Gen., and Mike G. Nassios, Asst. Dist. Atty. Gen., Knoxville, for appellee.

Leslie R. Auer, Knoxville, for appellant.

## OPINION

O'BRIEN, Judge.

Charles Alexander Badgett appeals denial of post-conviction relief in the Knox County Criminal Court. On 20 March 1984 petitioner was convicted of grand larceny. He was sentenced to a term of life imprisonment as an habitual criminal. The judgment was appealed and affirmed by this Court on 14 January 1985, 693 S.W.2d 917. Permission to appeal was denied by the Tennessee Supreme Court.

On 11 December 1985 a pro se petition for post-conviction relief was filed. Counsel was appointed to represent the defendant and the petition was subsequently amended on 25 April 1986. On 6 August 1986 an evidentiary hearing was held at the conclusion of which the trial judge made specific factual findings on each issue raised by the petitioner as required by TCA § 40–30–118. He held that petitioner had received effective assistance of counsel in accordance with the requirements of *Baxter v. Rose*, 523 S.W.2d 930 (Tenn.1975).

The issues raised on this appeal parallel those raised in the petition for post-conviction relief and considered by the trial court at the conclusion of the evidentiary hearing. We have examined the record in this case including the transcript of the trial proceedings, the opinion of this Court on petitioner's direct appeal, and the proceedings on the petition for post-conviction relief. We concur fully in the findings of the trial judge.

■ The issue of the proportionality of the defendant's sentence has been previously determined by this Court on the direct appeal. It is not an appropriate issue for post-conviction relief. TCA § 40–30–112.

■ Defendant avers that the Tennessee Habitual Criminal Statute is unconstitutional because the District Attorneys General may arbitrarily determine who will be prosecuted under these sections. This issue has been refuted most recently in *State v. Taylor*, 628 S.W.2d 42, 46 (Tenn.Cr.App. 1981) in which this Court cited not only other decisions in this jurisdiction, but the United States Supreme Court as well in ruling to the contrary. The issue is without merit.

■ To prove a deficient performance by counsel it must be shown that the representation afforded a defendant falls below an objective standard of reasonableness:

"... [A] court deciding an actual effectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

In order to establish prejudice based upon ineffective assistance of counsel a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, supra, 104 S.Ct. at 2068. Peti-

tioner here has failed to meet the standard required of him to prove the charges alleged in his post-conviction petition.

The judgment of the trial court dismissing the petition for post-conviction relief is affirmed.

WALKER, P.J., and BYERS, J., concur.