Lawtis Donald RHODEN, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Nashville.

Feb. 21, 1991.

Permission to Appeal Denied by Supreme
Court July 1, 1991.

Stan Allen, Nashville, for appellant.

Charles W. Burson, Atty. Gen., & Reporter, Kymberly L.A. Hattaway, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Cheryl Blackburn, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

JONES, Judge.

This is an appeal as of right from a judgment of the trial court denying post-conviction relief. After a thorough review of the facts and the law governing the numerous issues raised by the appellant, the judgment of the trial court is affirmed.

### PROCEDURAL BACKGROUND

The appellant was convicted of rape and the use of a minor for an obscene purpose by a jury of his peers. The trial court sentenced the appellant to confinement in the Department of Correction for a term of twenty (20) years in each case. The sentences were ordered to be served consecutively for an effective sentence of forty (40) years. This Court affirmed the appellant's convictions and sentences.[1] The Supreme Court denied his application for permission to appeal on October 5, 1987.

The appellant filed a *pro se* petition for post-conviction relief on February 16, 1988, while incarcerated in the State of California. The trial court dismissed the petition without prejudice until the appellant was returned to this State.

The appellant was returned to Tennessee on June 15, 1988. Eight days later, the appellant moved the trial court to reactivate the post-conviction suit he had previously commenced. The trial judge granted the appellant's motion, and the proceedings were reinstituted. The appellant filed an amended and supplemental petition with the assistance of appointed counsel on the 21st day of October, 1988. Later, the appellant moved the trial court for the entry of an order voiding a prior Florida conviction. He also requested a new sentencing hearing.

The record reflects that the evidentiary hearing consumed approximately three days. On March 17, 1989, the trial court entered an order denying the relief sought by the appellant. Thereafter, the appellant initiated this appeal as of right.

### SCOPE OF APPELLATE REVIEW IN POST–CONVICTION CASES

When the petitioner in a post-conviction proceeding is granted an evidentiary hearing to ventilate the grounds raised in his petition, the trial court's findings of fact are afforded the weight of a jury verdict. Consequently, this Court is bound by the trial court's findings of fact unless it is established that the evidence contained in the record preponderates against the court's findings or the judgment entered.[2]

Where, as here, the petitioner seeks to vitiate a conviction on the ground counsel was ineffective in his representation, the petitioner must establish by a preponderance of the evidence that (a) the services rendered or advice given by counsel fell below "the range of competence demanded

---

1. *State v. Rhoden,* 739 S.W.2d 6 (Tenn.Crim. App.1987).

2. *Black v. State,* 794 S.W.2d 752, 755 (Tenn. Crim.App.1990); *Teague v. State,* 772 S.W.2d 932, 934 (Tenn.Crim.App.1988), *cert. denied,* 493 U.S. 874, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989); *Brooks v. State,* 756 S.W.2d 288, 289 (Tenn. Crim.App.1988); *Vermilye v. State,* 754 S.W.2d 82, 84 (Tenn.Crim.App.1987).

of attorneys in criminal cases," [3] and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense." [4] As the United States Supreme Court said in *Strickland v. Washington:*

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. [5]

If the petitioner fails to establish either prong of this standard, he is not entitled to relief. [6] Allegations of ineffective assistance of counsel in the appellate courts are governed by these same standards. [7]

■ Since the trial court found that the appellant failed to establish that he was entitled to post-conviction relief, this Court must review the record for the purpose of determining whether the evidence preponderates against the trial court's findings of fact or the judgment the trial court entered. In doing so this Court is bound by certain well-established rules governing appellate review. As this Court said in *Black v. State:*

> First, this Court cannot reweigh or re-evaluate the evidence; nor can we substitute our inferences for those drawn by

the trial judge. Second, questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are resolved by the trial judge, not this Court. Third, the appellant has the burden in this Court of illustrating why the evidence contained in the record preponderates against the judgment entered by the trial judge. [8]

Since the petitioner seeks to vitiate his convictions on the ground he was denied the effective assistance of counsel, this Court must be cognizant of other standards the appellate courts of this State have established. As this Court stated in *Vermilye v. State:*

> First, the standard created in *Baxter* does not require perfect representation. *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn. 1982). Second, it is not our function to "second guess" trial counsel's tactical and strategic choices pertaining to matters of defense unless these choices are made without knowledge of the relevant facts or the law applicable to the issue. *Hellard v. State, supra; State v. Swanson, supra; McBee v. State,* 655 S.W.2d 191, 193 (Tenn.Crim.App.1983). *See People v. Corona,* 80 Cal.App.3d 684, 145 Cal.Rptr. 894 (1978). As the Supreme Court said in *Hellard:* "... [T]he defense attorney's representation, when questioned, is not to be measured by "20–20 hindsight." 629 S.W.2d at 9. Third, an accused is not deprived of the effective assistance of counsel because a different procedure or strategy might have produced a different result. *Williams v. State, supra* [599 S.W.2d 276] at 279–280 [ (Tenn.Cr.App.1980) ]; *Long v. State,* 510 S.W.2d 83, 88 (Tenn.

**3.** *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn. 1975).

**4.** *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 697 (1984). *See Best v. State,* 708 S.W.2d 421, 422 (Tenn. Crim.App.1985).

**5.** 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

**6.** *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Brooks v. State,*

756 S.W.2d at 289; *Vermilye v. State,* 754 S.W.2d at 84.

**7.** *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *State v. Swanson,* 680 S.W.2d 487, 491 (Tenn.Crim.App.1984). *See State v. Matson,* 729 S.W.2d 281, 282 (Tenn. Crim.App.1986).

**8.** 794 S.W.2d at 755.

Crim.App.1974)." [9]

With these rules in mind, this Court will proceed to consider the merit of the appellant's contentions.

## CONSTITUTIONALITY OF STATUTE

■ The appellant contends that the statute proscribing the use of a minor for an obscene purpose is constitutionally infirm. This Court addressed this issue incident to the appellant's appeal as of right.[10] In ruling this Court said:

Our review of the record reveals the appellant did not file a pre-trial motion attacking the indictment on the ground the statute was unconstitutional. The appellant raised this issue for the first time post-trial in his motion for a new trial.

In this jurisdiction "[d]efenses and objections based on defects in the indictment, presentment, or information" must be raised prior to trial. Tenn.R.Crim.P. 12(b); *State v. Farmer*, 675 S.W.2d 212, 214 (Tenn.Crim.App.1984), [constitutionality of statute]. When an accused fails to comply with this mandate, he waives the issue. Tenn.R.Crim.P. 12(f). *See State v. Farmer*, supra, [constitutionality of statute]; *State v. Hill*, 623 S.W.2d 293 (Tenn.Crim.App.1981), [statute of limitations]. The waiver provision of Rule 12 applies to issues embracing the constitutionality of statutes as well as the constitutional rights of the accused. *State v. Farmer*, supra; *State v. Foote*, 631 S.W.2d 470, 472–473 (Tenn.Crim.App. 1982) [identification issue].[11]

Since this issue has been waived, it is not cognizable in this proceeding.

It should be noted that the statute in question has never been declared unconstitutional. In addition, the attorneys who represented the appellant expressed the opinion that the statute was not constitutionally infirm.

■ If this issue had been addressed on the merits, the appellant would not have been entitled to relief from his conviction. The statute is not overbroad or vague, as argued by the appellant on direct appeal and in the case *sub judice*, given the instructions included in the trial court's charge.[12]

The trial court charged the jury that the phrase "sexual conduct" included, among other things, "the *lewd* exhibition of the male or female genitals." [Emphasis added]. This instruction narrowed the conduct that was proscribed by the statute.[13] As the United States Supreme Court said in *Osborne v. Ohio:*

Osborne's overbreadth challenge, in any event, fails because the statute, as construed by the Ohio Supreme Court on Osborne's direct appeal, plainly survives overbreadth scrutiny. Under the Ohio Supreme Court reading, the statute prohibits the "possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged." [14]

This issue is clearly without merit.

## SUFFICIENCY OF THE EVIDENCE

■ The appellant contends that the trial evidence is insufficient, as a matter of law, to support his conviction for using the victim, a minor, for an obscene purpose. This issue is not cognizable in a post-conviction proceeding.[15] We also find that this issue has been previously determined.

9. 754 S.W.2d at 85.

10. *State v. Rhoden*, 739 S.W.2d at 10.

11. *State v. Rhoden*, 739 S.W.2d at 10.

12. *Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).

13. *Osborne v. Ohio*, 495 U.S. at ——, 110 S.Ct. at 1698, 109 L.Ed.2d at 111–112.

14. 495 U.S. at ——, 110 S.Ct. at 1698, 109 L.Ed.2d at 111–112.

15. *Long v. State*, 510 S.W.2d 83, 88 (Tenn.Crim. App.1974); *Gant v. State*, 507 S.W.2d 133, 137 (Tenn.Crim.App.1973); *Ray v. State*, 489 S.W.2d 849, 851 (Tenn.Crim.App.1972); *Parton v. State*, 483 S.W.2d 753, 755 (Tenn.Crim.App.1972); *Guy v. State*, 4 Tenn.Crim.App. 218, 221, 470 S.W.2d 28, 30 (1971); *Floyd v. State*, 2 Tenn.Crim.App.

■ The sufficiency of the evidence was raised by the appellant on direct appeal. Based upon our reading of the record we concluded:

There is sufficient evidence contained in the record from which a rational trier of fact could conclude that the appellant is guilty of the offenses of rape and use of a minor for an obscene purpose beyond a reasonable doubt.[16]

■ A ground has been previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."[17] A previously determined ground is not cognizable in a post-conviction proceeding.[18]

■ We parenthetically note that the argument advanced in support of this issue is ludicrous. The appellant states in his brief: "The fact that there were no photographs introduced as evidence with which the trial judge and jury could make a lawful determination of obscenity vel non under *Miller* standards, compels reversal." At another point the appellant states: "Since no photographs were introduced as evidence against the appellant at trial it was not constitutionally possible under the above Supreme Court standards for the trial judge or jury to find that the "unseen" pictures were obscene under the tripartite obscenity test set forth in *Miller*, supra."

The record clearly established that the photographs taken of the victim were obscene. As this Court said in its opinion:

[T]he appellant first took pictures of the victim in her clothes. He also lifted her dress and took pictures of her. Subsequently, the appellant removed the victim's clothing except her bra while she was on the bed ... He then took pictures while she laid on a bed and sat in a chair in an unclothed state. He placed her legs in various positions, including separating her legs so that her genitals were visible, as he took pictures.[19]

Later, he told Ms. Widmann that he had a client who would pay a considerable sum of money to see a little girl disrobed; and he agreed to give Ms. Widmann half of the proceeds he obtained from the sale of the photographs. He subsequently told her that the pictures he took of the victim constituted child pornography and it was a felony. The choice of the words "child pornography" was the appellant's.

The State of Tennessee was entitled to establish that the photographs depicting the victim, a minor, violated the laws of this State by extrinsic evidence. The actual photographs were in the possession of the appellant or a pedophile who purchased the photographs from him. The testimony of the victim clearly illustrated that the content of the photographs violated the laws of this State.

This issue is without merit.

## PROOF OF OTHER CRIMES

The appellant contends that he was prejudiced when the State was permitted to introduce evidence that the appellant has previously forced Ms. Widmann, his girlfriend, to have sexual intercourse with him following an argument. This Court ruled on direct appeal that this issue had been waived because defense counsel failed to interpose a contemporaneous objection when the testimony was offered.[20]

■ The appellant further contends that the trial court should have *sua sponte* given a curative instruction to the effect that this testimony should be disregarded. The record reflects that defense counsel did not seek a curative instruction, this issue was

250, 255, 453 S.W.2d 418, 420 (1970); *Dowlen v. State*, 2 Tenn.Crim.App. 34, 36, 450 S.W.2d 793, 794 (1969).

16. *State v. Rhoden*, 739 S.W.2d at 10.

17. Tenn.Code Ann. § 40–30–112(a).

18. Tenn.Code Ann. § 40–30–111; *Strouth v. State*, 755 S.W.2d 819, 832–833 (Tenn.Crim.App. 1986); *Harvey v. State*, 749 S.W.2d 478, 479 (Tenn.Crim.App.1987); *Badgett v. State*, 745

S.W.2d 884, 885 (Tenn.Crim.App.1987); *Givens v. State*, 702 S.W.2d 578, 580 (Tenn.Crim.App. 1985); *State v. Oates*, 698 S.W.2d 79, 80 (Tenn. Crim.App.1985); *McBee v. State*, 655 S.W.2d 191, 196 (Tenn.Crim.App.1983).

19. 739 S.W.2d at 9.

20. *State v. Rhoden*, 739 S.W.2d at 11.

not included in the motion for a new trial, and it was not raised in this Court on direct appeal.[21]

As can be seen, this issue is not cognizable in a post-conviction proceeding. First, the conduct of which the appellant complains did not result in an abridgement of a constitutional right.[22] Second, the issue has been waived.

The remedy of post-conviction relief is limited in scope to grounds that result in an "abridgement ... of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right."[23] In addition, this remedy may not be used as a substitute for an appeal to review or correct errors of fact or law committed by the trial court.[24]

This issue is without merit.

## CHAMBER'S CONFERENCE PRIOR TO TRIAL

■ Prior to trial defense counsel moved the trial court to conduct an *in camera* conference without the appellant present. The purpose of the conference was to permit the victim's mother to explain to the trial judge her reasons for wanting the prosecution against the appellant dismissed. Defense counsel was present during the conference and questioned the victim's mother at will. Although the appel-

lant was not present when the conference was requested, he did not object to the nature of defense counsel's request.

This issue was raised on direct appeal. There, as here, the appellant contended his constitutional right to confront his accusers was violated because he was not present during the chambers conference. This Court ruled that his absence from the chambers conference did not violate his right to confrontation.[25]

Since this ground has been previously determined on the merits, it is not cognizable in this proceeding.[26]

This issue is without merit.

## PROSECUTORIAL MISCONDUCT

■ The appellant contends that he was denied a fair and impartial trial due to the misconduct of the State. He alludes to fourteen incidents that he classifies as prosecutorial misconduct. The trial court found that the appellant was not entitled to relief on this ground.

This Court addressed this issue incident to the appellant's appeal as of right following his conviction.[27] In holding that the issue had been waived for purposes of appellate review, this Court said:

The appellant contends the assistant district attorneys general made improper, misleading and inflammatory remarks during final summation. The appellant sets forth several passages from the ar-

21. If a trial judge does not give a curative instruction *sua sponte*, the party who objects to the testimony must request such an instruction. If the party fails to request the instruction, he waives the issue; and he may not rely upon the issue in the appellate court. *State v. Mackey*, 638 S.W.2d 830, 835–836 (Tenn.Crim.App.1982). Of course, this part of the issue was also waived because it was not (a) included in the motion for a new trial, Tenn.R.App.P. 3(e) or (b) raised on direct appeal. *See Teague v. State*, 772 S.W.2d 915, 923–924 (Tenn.Crim.App.1988), *cert. denied*, 493 U.S. 874, 110 S.Ct. 210, 107 S.Ct. 163 (1989); *Strouth v. State*, 755 S.W.2d 819, 832 (Tenn.Crim.App.1986).

22. Tenn.Code Ann. § 40–30–105. *See Teague v. State*, 772 S.W.2d at 923; *Housler v. State*, 749 S.W.2d 758, 760 (Tenn.Crim.App.1988); *Malone*

*v. State*, 707 S.W.2d 541, 544 (Tenn.Crim.App. 1985).

23. Tenn.Code Ann. § 40–30–105.

24. *Swanson v. State*, 749 S.W.2d 731, 733 (Tenn. 1988); *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn.1987); *Parton v. State*, 483 S.W.2d 753, 755 (Tenn.Crim.App.1972); *Dowlen v. State*, 2 Tenn.Crim.App. 34, 36, 450 S.W.2d 793, 794 (1969).

25. *State v. Rhoden*, 739 S.W.2d at 12.

26. Tenn.Code Ann. §§ 40–30–111 and 112; *Strouth v. State*, 755 S.W.2d at 832–833; *Harvey v. State*, 749 S.W.2d at 479; *Badgett v. State*, 745 S.W.2d at 885; *Givens v. State*, 702 S.W.2d at 580; *State v. Oates*, 698 S.W.2d at 80; *McBee v. State*, 655 S.W.2d at 196.

27. *State v. Rhoden*, 739 S.W.2d at 11.

guments of counsel, states these passages were improper and highly prejudicial, and this error entitles the appellant to a new trial. We disagree.

The appellant failed to make a contemporaneous objection to the statements attributed to the assistant district attorney generals. Thus, this issue has been waived. [Citations omitted].[28]

The appellant is not entitled to relief on this ground. As previously stated, the remedy of post conviction relief cannot be used as a substitute for appellate review; and conduct which does not result in the deprivation of a constitutional right is not cognizable in such suits. The statements which form the basis of this issue neither singularly nor collectively raise a constitutional issue.[29] This ground has been waived.[30]

This issue is without merit.

## RESTRICTIONS UPON MENTIONING CONSENT DEFENSE

██ The State filed a motion *in limine* seeking the entry of an order precluding defense counsel from alluding to the prior sexual activity of the minor victim. The motion was predicated upon the rape shield statute.[31] Initially, the court took the order under advisement. However, before the trial commenced, the court instructed counsel "not to go into any kind of consent during the *voir dire* or the opening statement." Defense counsel agreed with the ruling. He stated that he had not intended to raise the subject matter when he questioned the prospective jurors.

This Court held on direct appeal that this issue was meritless. In this proceeding,

the appellant contends that the trial court's ruling "violated his right to a fundamentally fair trial by an impartial jury." Based upon our reading of the record, the trial court's ruling constituted an exercise of discretion; and the appellant was not precluded from raising a consent defense during the trial.

The record reflects that the appellant did not raise a consent defense during the trial. Of course, the reason is obvious: the evidence was overwhelming that the victim did not consent to the sexual acts committed against her. To the contrary, the record establishes that the appellant lured the victim to a hotel room after telling her that he would make her a model. While an adult companion went on an errand, the appellant removed the victim's clothing, raped her, and photographed her in several sexually explicit poses while she was nude. He later termed the photographs as "child pornography"; and he stated he had a person who would purchase the photographs from him.

██ This issue is not cognizable in this suit. First, the ruling of the trial court did not result in a deprivation of a constitutional right.[32] Second, the issue has been waived.[33] Third, a trial court's exercise of judicial discretion may not be reviewed in a post-conviction proceeding.[34]

This issue is without merit.

## RESTRICTIONS UPON CROSS-EXAMINATION

██ The appellant contends that the trial court "improperly limited and restricted his constitutional right to effective cross-examination of the complaining witness ...

---

**28.** 739 S.W.2d at 11.

**29.** Tenn.Code Ann. § 40–30–105; *Teague v. State*, 772 S.W.2d at 944; *Housler v. State*, 749 S.W.2d 758, 760 (Tenn.Crim.App.1988).

**30.** *See State v. Miller*, 668 S.W.2d 281 (Tenn. 1984); *Arthur v. State*, 483 S.W.2d 95 (Tenn. 1972).

**31.** Tenn.Code Ann. § 40–17–119.

**32.** Tenn.Code Ann. § 40–30–105. *See Teague v. State*, 772 S.W.2d at 923; *Housler v. State*, 749

S.W.2d at 760; *Malone v. State*, 707 S.W.2d at 544.

**33.** Tenn.Code Ann. §§ 40–30–111 and –112. *See State v. Miller*, 668 S.W.2d 281, 284–285 (Tenn. 1984); *Arthur v. State*, 483 S.W.2d 95, 97 (Tenn. 1972).

**34.** *Ray v. State*, 489 S.W.2d 849, 851 (Tenn. Crim.App.1972); *Wooten v. State*, 477 S.W.2d 767, 768 (Tenn.Crim.App.1971); *Janow v. State*, 4 Tenn.Crim.App. 195, 201–202, 470 S.W.2d 19, 21–22 (1971).

[K.W.], and other witnesses which resulted in a denial of his Sixth and Fourteenth Amendment right to confrontation and denied appellant his federal due process rights to a fundamentally fair trial." We disagree.

First, this issue has been previously determined.[35] This issue was addressed incident to the appellant's appeal as of right following his conviction.[36] Second, as noted in this Court's previous opinion, the appellant did not restrict counsel's cross-examination of any witness. Third, as previously stated, a post-conviction suit cannot be used as a substitute for an appeal.

Those instances mentioned in the brief that were not raised on direct appeal have been waived.[37]

This issue is without merit.

### USE OF FLORIDA CONVICTION TO ENHANCE SENTENCE

On the 24th day of January, 1969, the appellant was convicted of a felony after pleading guilty to the offense. He was sentenced to serve twelve (12) years in a Florida correctional institution. His conviction was affirmed by the Florida District Court of Appeals on January 6, 1972. He subsequently filed a petition for post-conviction relief in Florida on February 11, 1972. This petition included a claim that his plea was involuntary. The trial court denied the appellant's application for relief on March 31, 1972. The Florida District Court of Appeals, Fourth District, affirmed the judgment of the trial court on July 26, 1974. The appellant filed a second petition for post-conviction relief. This petition was denied by the trial court on April 24, 1989. The Florida District Court of Appeals, Fifth District, affirmed the judgment of the trial court on July 5, 1989. The Florida Supreme Court denied the appellant's application for permission to appeal on July 21, 1989. The court held that it did not have jurisdiction to entertain the suit.

When this Court conducted a *de novo* review of the appellant's sentences, we stated: "The appellant admitted at the sentencing hearing he was convicted of the commission of a felony in the State of Florida, sentenced to a Florida correctional institution, and subsequently paroled. Before he completed the term of his parole, the appellant violated the conditions of his parole, and the appellant remained free pursuant to his parole when he committed the crime in this case." [38] Based upon these facts, this Court found that the trial court properly imposed Range II sentences for the commission of extremely aggravated offenses.[39]

■ The appellant contends that his sentences should not have been enhanced because his Florida conviction is constitutionally infirm. He argues that the trial judge who accepted his plea violated the mandate of *Boykin v. Alabama* [40] when he failed to explain to him the right to confront one's accusers and the privilege against self-incrimination.

There are three basic flaws in the appellant's argument. First, the appellant may not collaterally attack his Florida conviction in this State. Second, the appellant entered his plea prior to the date the United States Supreme Court decided *Boykin.* Third, this issue was previously decided by the Florida courts.

A person may not invoke the provisions of the Tennessee Post–Conviction Procedure Act to test the validity of his conviction under the laws of another state. This is evident from the provisions contained in the Act. Tenn.Code Ann. § 40–30–102 (Supp.1990) limits the remedy to prisoners "in custody under sentence of a court of this State." Tenn.Code Ann. § 40–30–103(a) (Supp.1990) provides that proceedings brought pursuant to the Act must be

---

**35.** Tenn.Code Ann. §§ 40–30–111 and –112(a).

**36.** *State v. Rhoden,* 739 S.W.2d at 11–12.

**37.** Tenn.Code Ann. §§ 40–30–111 and –112(b).

**38.** *State v. Rhoden,* 739 S.W.2d at 16–17.

**39.** *See* Tenn.Code Ann. § 40–35–107(3)(B) (1982).

**40.** 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

instituted in the trial court where the conviction occurred; and the State of Tennessee is to be named as the defendant.

The reason why the Tennessee Post–Conviction Procedure Act is limited in scope to Tennessee convictions is obvious. Article 4, Section 1 of the United States Constitution requires that "[f]ull faith and credit be given in each state to the ... judicial proceedings of every other state." Consequently, this State must give full faith and credit to a Florida judgment of conviction if the judgment is valid on its face.[41] The appellant does not suggest that his Florida conviction is invalid on its face. The record reflects that he was represented by counsel at all stages of the proceeding.

As previously noted, the appellant has previously litigated this issue on three separate occasions in the State of Florida; and on each occasion the Florida courts have refused to grant him relief.

Assuming *arguendo* that the appellant had the right to challenge his Florida conviction in a proceeding brought pursuant to the Tennessee Post–Conviction Procedure Act, the appellant would not be entitled to relief on the grounds advanced in this Court. As previously stated, the appellant entered the guilty plea he seeks to challenge before *Boykin* was decided by the United States Supreme Court.[42] The Tennessee Supreme Court,[43] this Court[44], and the Sixth Circuit Court of Appeals[45] have held that *Boykin* is to be given prospective application—it is not to be applied retroactively. Thus, the fact that the trial judge did not advise the appellant of the right to confront one's accusers and the privilege against compulsory self-incrimination did not *per se* render his conviction constitutionally infirm.[46]

Based upon the record before us, it is crystal clear that the appellant entered the

---

**41.** *See Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967) [Texas was not permitted to use a Tennessee conviction for forgery to enhance the accused's punishment when the judgment failed to show (a) the accused was represented by counsel or (b) the accused had waived the right to counsel]. *State v. O'Brien,* 666 S.W.2d 484, 485 (Tenn.Crim.App.1984) [prior offense for driving while under the influence could not be used to enhance punishment when the judgment failed to show (a) the accused was represented by counsel or (b) the accused had waived the right to counsel].

**42.** *Boykin v. Alabama,* supra, was decided June 2, 1969. The appellant entered his plea of guilty on January 24, 1969.

**43.** *See State v. Frazier,* 784 S.W.2d 927 (Tenn. 1990).

**44.** *David C. Hobby v. State,* Knox County No. 1215, January 1989 Session at Knoxville, opinion filed March 28, 1989, 1989 WL 28314. The Tennessee Supreme Court denied Hobby's application for permission to appeal on July 3, 1989.

**45.** *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir.), *cert. denied,* 467 U.S. 1245, 104 S.Ct. 3520, 82 L.Ed.2d 828 (1984); *Trombley v. Anderson,* 584 F.2d 807, 809 (6th Cir.1978); *Hendron v. Cowan,* 532 F.2d 1081, 1083 (6th Cir.1976); *Scranton v. Whealon,* 514 F.2d 99, 101 (6th Cir.1975); *Lawrence v. Russell,* 430 F.2d 718, 720–721 (6th Cir.1970), *cert. denied,* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971). *See,* e.g., Second Circuit: *United States ex rel. Rogers v. Adams,* 435 F.2d 1372, 1374 (2nd Cir.1970),

cert. denied, 404 U.S. 834, 92 S.Ct. 115, 30 L.Ed.2d 64 (1971). Third Circuit: *United States ex rel. Hughes v. Rundle,* 419 F.2d 116, 118 (3rd Cir.1969). Fourth Circuit: *Smith v. Cox,* 435 F.2d 453, 457 (4th Cir.1970). Fifth Circuit: *Dominguez v. Henderson,* 447 F.2d 207 (5th Cir. 1971). Eighth Circuit: *Meller v. State of Missouri,* 431 F.2d 120, 124 (8th Cir.1970), *cert. denied,* 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971). Ninth Circuit: *Moss v. Craven,* 427 F.2d 139, 140 (9th Cir.1970). Tenth Circuit: *Freeman v. Page,* 443 F.2d 493, 496 (10th Cir.), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971); *Perry v. Crouse,* 429 F.2d 1083, 1085 (10th Cir.1970).

**46.** It should be noted that *Boykin* did not create a "procedural requirement" that the three constitutional rights mentioned in the opinion must be explained to the defendant and the defendant waive these three rights as perquisite to a valid guilty plea. *Stinson v. Turner,* 473 F.2d 913, 915 (10th Cir.1973). The Sixth Circuit has said that federal courts are "unwilling to hold, as a constitutional requirement applicable in habeas corpus cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment." *Armstrong v. Egeler,* 563 F.2d 796, 799 (6th Cir.1977), quoted with approval in *Campbell v. Marshall,* 769 F.2d 314, 324 (6th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1268, 89 L.Ed.2d 576 (1986). In short, "[a] catechism of the constitutional rights that are waived by entry of a guilty plea is not compelled" by *Boykin* or the United States Constitution. *Wade v. Coiner,* 468 F.2d 1059, 1061 (4th Cir.1972).

plea voluntarily, knowingly and understandingly.[47] Thus, the appellant would not be entitled to relief from his Florida conviction assuming he could challenge the conviction in this State.

This issue is without merit.

## TRIAL COUNSEL'S CONFLICT OF INTEREST

 The appellant testified that he wrote trial counsel a letter stating that he was terminating trial counsel's services and requested that a portion of the retainer fee be returned to him. According to the appellant, counsel advised him that he wasn't going to voluntarily withdraw as counsel of record, he would not return all or any portion of the retainer fee, and, if he, the appellant, persisted, he would make the trial court angry; and he would have to represent himself at trial. This caused the appellant to distrust counsel; and he refused to confide in him. He argues that there was a conflict between counsel and himself.

Trial counsel testified that he received such a letter. It appears that he advised the trial court of this occurrence. He told the court that he would meet with the appellant. Counsel and the appellant met, and the appellant agreed that counsel could continue to represent him.

The trial court heard and observed the witnesses, and he accredited the testimony of trial counsel. This was his prerogative as the trier of fact.[48]

This issue is without merit.

## EFFECTIVE ASSISTANCE OF COUNSEL IN THE TRIAL COURT

The appellant contends that he was denied his constitutional right to the effective assistance of counsel in the trial court. We disagree.

The appellant asserts that trial counsel was ineffective because he failed to attack the constitutionality of Tenn.Code Ann. § 39–6–1137. As we stated when addressing the constitutionality of this statute, the charge of the trial court cured the deficiency of the statute, if any existed. Consequently, the appellant wasn't prejudiced due to trial counsel's failure to attack the statute pretrial.

The appellant asserts that trial counsel was ineffective because he failed to seek the dismissal of Count II of the indictment, using a minor for an obscene purpose, prior to trial and during the trial. As was stated when addressing the substantive issue, the appellant was not entitled to have this count of the indictment dismissed prior to or during the trial on the grounds advanced. Thus, trial counsel was not negligent in failing to seek dismissal on the grounds set forth in the brief or any other grounds; and the failure to seek dismissal of this count did not inure to the prejudice of the appellant.

 The appellant asserts that trial counsel was ineffective because he failed to object to the alleged uncharged rape. First, the word "rape" was not used. Second, this evidence was material to establish that the appellant kept the witness Widmann in fear of her physical well-being. As a result, the appellant was not negligent in failing to make an objection to this evidence.

 The appellant asserts that trial counsel was ineffective because he failed to object to certain remarks made by the assistant district attorney generals during summation. The appellant, lifting certain statements made by the assistant district attorney generals out of context, argues that these statements constituted prosecutorial misconduct. We conclude that these

---

**47.** This was the federal standard as well as the Tennessee standard to be applied in determining the validity of a plea of guilty prior to *Boykin.* See *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970); *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–1469, 25 L.Ed.2d 747,

756 (1970); *State ex rel. Barnes v. Henderson,* 220 Tenn. 719, 727, 423 S.W.2d 497, 501 (1968); *State ex rel. Lawrence v. Henderson,* 1 Tenn. Crim.App. 199, 206, 433 S.W.2d 96, 99 (1968).

**48.** *Black v. State,* 794 S.W.2d 752 at 759 (Tenn. Cr.App.1990).

statements did not constitute prosecutorial misconduct. Also, counsel stated he did not find the statements to be objectionable. Counsel further stated that it was his trial strategy to limit the number of objections made during the course of the trial. This is a practice adhered to by many lawyers. Their theory is that objections highlight the objectionable matter and the jury is more prone to note the testimony or argument. If no objection is made, the testimony or argument may go unnoticed.

■ The appellant asserts that trial counsel was negligent in waiving his right to be present during the chambers conference. Based upon our reading of the applicable rule, the appellant was not entitled, as a matter of right, to be present. Moreover, the only witness introduced during the conference was the victim's mother, who urged the trial court to dismiss the charges alleged in the indictment. No substantive evidence was introduced; and no trial decisions were made during the conference. Trial counsel was not negligent in this respect.

■ The appellant asserts that trial counsel was ineffective because he failed to object when the trial court ruled that a consent defense could not be raised during the voir dire examination or opening statement. The record reflects that the State filed a motion *in limine* in which it asked the trial court to enter an order precluding defense counsel from raising the issue of consent during voir dire and opening statement. The trial court took the motion under advisement. Later, the trial court granted the motion. We fail to see the need for an objection under these circumstances. Prior to the enactment of the Tennessee Rules of Criminal Procedure counsel was required to except to adverse rulings of the trial court. This practice was abolished by the rules. Therefore, trial counsel was not negligent in excepting to the ruling of the trial court. In addition, the appellant did not have a consent defense available to him. Trial counsel acknowledged this; and the facts introduced at trial established this fact.

■ The appellant asserts that trial counsel was ineffective because he failed to investigate appellant's "viable psychiatric defense and utilize such defense at trial." The record clearly reflects that the appellant was examined by health care providers on two separate occasions. On each occasion the examination revealed that an insanity defense was not available to the appellant, and he was competent to stand trial. Furthermore, the appellant told one of the examining health care providers that he knew he did not have a viable insanity defense. Consequently, counsel was not negligent in failing to pursue the matter further.

If trial counsel had introduced evidence that the appellant's psychiatric problem was his sexual attraction to young females, the only problem that has been articulated by the appellant, he would have been ineffective. Of course, it would have been developed that appellant failed to cooperate with one health care provider. He admitted that he refused to execute a release form so that his records of prior treatment at a prison facility could be obtained and reviewed by the health care provider.

■ The appellant asserts that trial counsel was ineffective because he failed to adequately prepare and failed to adequately obtain discovery from the State. This issue has been waived. The appellant has failed to cite authority to support these arguments and/or he has failed to tell us where the facts he asserts may be found in the record.[49]

■ The appellant asserts that trial counsel was ineffective because he failed to enter into meaningful plea negotiations with the State. The records does not support this fact.

The State made the appellant an offer as to punishment if he elected to plead guilty. The appellant rejected the offer out of hand because he did not believe the victim or others would testify against him. When trial counsel advised the State that the appellant had rejected the offer, and at-

---

49. Tenn.R.App.P. 27(a)(7).

tempted to make a counter-offer, the State withdrew its offer and refused to engage in further plea negotiations. This foreclosed defense counsel's effort to make a counter-offer.

■ The appellant asserts that trial counsel was ineffective because he misinformed him of the possible punishment he faced if convicted of both offenses. The petitioner's proof and the testimony of trial counsel conflicted on this point. The trial court, as the trier of fact, accredited the testimony of trial counsel to the effect that he properly counselled the appellant as to the possible punishment of these offenses. This was the trial court's perogative as the trier of fact.

■ The appellant asserts that trial counsel was ineffective because he failed to object to Widmann's perjured testimony and failed to impeach her with a prior felony conviction. First, the appellant knew that Widmann had been convicted of an offense in California. There is no evidence in the record to establish that he related this information to counsel. Second, there is a serious question as to whether the offense of which Widmann was convicted is a felony or a misdemeanor. The punishment for the offense is confinement for a period not exceeding one year. The State made inquiry regarding the nature of the offense, i.e., felony or misdemeanor, and was told that the offense was a misdemeanor. In view of the uncertainty of the circumstances, it cannot be said that Widmann perjured herself when she testified that she was convicted of a misdemeanor. The actual sentence was ninety days.

■ The appellant asserts that trial counsel was ineffective because he failed to object to the introduction of blood stained panties. This contention is without merit. Ms. Widmann gathered the clothing worn by the victim, including the panties, placed them in a sack, and put the sack in her car. When she was arrested, the officers confiscated the sack of clothing found in her vehicle. The panties were clearly admissible as evidence. Had trial counsel objected, the objection would have been overruled.

■ The appellant asserts that trial counsel was ineffective because he failed to object to the introduction of testimony regarding semi-nude photographs as well as the comments of the assistant district attorney generals during summation regarding these photographs. The appellant's argument that such testimony was not admissible until after the admission of the actual photographs, which the appellant had removed from the State and possibly sold to a pedophile, is clearly erroneous. This was addressed in the substantive issue regarding the sufficiency of the evidence.

■ The appellant asserts that trial counsel was ineffective because he failed to call the appellant's wife as a defense witness. Trial counsel cannot be faulted for refusing to call the wife. The evidence is undisputed that she was using an alias, and she was a fugitive from justice. The fact that she had seen "some" photographs of the victim depicting the victim in a clothed state does not exclude the possibility that other photographs existed which depicted the victim nude.

The evidence of the appellant's guilt was overwhelming; and this evidence was not contradicted during the trial. If trial counsel can be said to have been ineffective in some respect, the appellant was not prejudiced by the advice given or services rendered by counsel given the nature of the evidence establishing the appellant's guilt. In other words, the appellant was not prejudiced.

This issue is without merit.

## EFFECTIVE ASSISTANCE OF COUNSEL IN THE APPELLATE COURTS

The appellant contends that he was denied his constitutional right to the effective assistance of counsel by the attorney who represented him in the appellate courts. He argues that counsel was deficient because he failed to (a) raise eight issues, (b) adequately research the law pertaining to these issues, and (c) present a complete

record so that some of the issues could be considered.

Contrary to the position taken by the appellant, the record clearly establishes that appellate counsel raised all of the issues contained in the motion for a new trial. Some of these issues were decided on the merits. Others were not considered due to the procedural defaults occurring prior to and during the trial.

Counsel raised the issues pertaining to (a) the sufficiency of the evidence as to Count II of the indictment, which charged the offense of using a minor for obscene purposes, (b) the limitations placed upon the cross-examination of the witnesses, and (c) the appellant's absence from the chambers conference. This Court addressed each of these issues on the merits.

■ Counsel raised the issues pertaining to (a) the constitutionality of Tenn.Code Ann. § 39–6–1137(b)(9), (b) the prior uncharged rape, (c) the prohibition against raising the question of consent during voir dire and opening statement, and (d) the misconduct of the State during summation. This Court did not address these issues on the merits due to a procedural default occurring either prior to or during the trial. This was not appellate counsel's fault. He raised these issues in the motion for a new trial and adequately briefed each issue.

■ The appellant's contention that he was denied effective appellate review because the record transmitted to this Court was incomplete is devoid of merit. The record reflects that the appellant was examined by health care providers on two separate occasions. The first examination revealed that the appellant was competent to stand trial and an insanity defense was not available to him. The appellant, unhappy with the first evaluation, requested that he be examined in more depth. He was subsequently examined by health care providers from Middle Tennessee Mental Health Institute. The results of this examination were the same as the first. More-over, the letters, activities and maneuvering of the appellant prior to, during and after his trial clearly indicate that he was not suffering from a mental illness. Thus, the failure to include a transcript of the proceedings to support his contention that he had been denied a meaningful psychiatric evaluation did not result in prejudice to the appellant. Had the information adduced at the evidentiary hearing been included in the record on direct appeal, this Court would have ruled that the issue was clearly without merit.

The appellant's contention that this Court could not consider the issue pertaining to the appellant's absence from the chambers conference is totally devoid of merit. This conference was memorialized by the court reporter and included in the record. This Court considered this issue on the merits adversely to the appellant.

It should be mentioned that the appellant attempted to dictate what issues should be raised in the appellate court, he wanted to review the brief before it was filed, and he demanded that counsel include any issues or make any changes he requested. When he discovered that the brief had been filed before he had the opportunity to review it, he demanded that counsel file a supplemental brief to include any additional issues or changes that he requested.

Appellate counsel was engaged in a continuing colloquy with the appellant regarding the issues to be raised. He tried to explain that the record should not be cluttered with frivolous and irrelevant issues. Nevertheless, certain issues were included in the brief to satisfy the appellant although counsel was firmly of the opinion that the issues should not be included.

■ An advocate is not required to raise every issue contained in the motion for a new trial or requested by the accused.[50] In *Gustave v. United States* the court said "[c]ounsel need not appeal every possible question of law at the risk of

---

**50.** *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir.1981); *Gustave v. United States*, 627 F.2d 901, 906 (9th Cir.1980); *State v. Swanson*, 680 S.W.2d 487, 491 (Tenn.Crim.App. 1984). *See State v. Matson*, 729 S.W.2d 281, 282 (Tenn.Crim.App.1986).

being found to be ineffective."[51] In *Jones v. Barnes* the United States Supreme Court noted that there is no constitutional requirement that an advocate argue every issue on appeal, or that he present those chosen by the defendant. According to *Jones,* the determination of the issues to be raised in the appellate court is a matter which addresses itself to the sound discretion of the advocate.[52]

 The failure of an advocate to raise a particular issue does not *per se* deprive the defendant of his constitutional right to the effective assistance of counsel. In *State v. Swanson* the petitioner claimed that counsel was ineffective because he failed to challenge the sufficiency of the evidence in the appellate court. In ruling that the failure of counsel to raise this issue did not deny the petitioner his constitutional right to the effective assistance of counsel, this Court said:

> The record reflects that the trial court recognized different strategies concerning appellate advocacy. The trial court was of the opinion that the so-called "shotgun approach," by which the attorney sets forth all arguable issues, may not be as effective as setting forth a small number of meritorious issues designed to focus in on issues which are thought by counsel to most likely influence the appellate court. We conclude that failure to preserve and/or assert all arguable issues on appeal is not *per se* ineffective assistance of counsel, since the failure to do so may be a part of the counsel's strategy of defense. Counsel is not constitutionally required to argue every issue on appeal or to present issues chosen by his client.... The determination of which issues to present on appeal is a matter of counsel's discretion. [Citations omitted][53]

In *State v. Matson* this Court held that the failure to incorporate all of the issues in an application for permission to appeal to the Supreme Court does not result in the denial of the petitioner's constitutional right to the effective assistance of counsel.

We conclude that the appellant failed in his effort to establish that he was denied the effective assistance of counsel in the appellate courts. He has failed to establish that the advice given or services rendered by counsel fell below the range of competency demanded of attorneys when appealing criminal cases or that he was prejudiced.[54]

This issue is without merit.

The judgment of the trial court is affirmed.

SCOTT and REID, JJ., concur.

**51.** *Gustave v. United States,* 627 F.2d 901, 906 (9th Cir.1980).

**52.** 463 U.S. at 750–751, 103 S.Ct. at 3312, 77 L.Ed.2d at 992–993.

**53.** 680 S.W.2d at 491.

**54.** *Strickland v. Washington,* 466 U.S. at 687, 692–693, 104 S.Ct. at 2064, 2067, 80 L.Ed.2d at 693, 697.