**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| JIMMY RAY POTTER, | ) |
| | ) |
| Appellant, | ) C.C.A. NO. 01C01-9702-CR-00039 |
| | ) (No. 7310 Below) |
| VS. | ) |
| | ) FENTRESS COUNTY |
| STATE OF TENNESSEE, | ) |
| | ) The Hon. Lee Asbury |
| Appellee. | ) |
| | ) (Dismissal of Post-Conviction |
| | ) Petition) |
| | ) |

### O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Finding that the trial court properly denied post-conviction relief, we grant the state's motion to affirm the judgment pursuant to Rule 20.

In his sole issue, the petitioner contends that he received ineffective assistance of counsel. Specifically, he contends that counsel was ineffective by failing to raise any grounds to suppress the petitioner's second statement given to authorities. An Anders brief was submitted on this issue pursuant to the United States Supreme Court decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In seeking post-conviction relief on the basis of ineffective assistance of counsel, a petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 5067, 80 L.Ed.2d 674 (1984). There must be a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694, 104 S.Ct. at 2068.

When determining whether counsel's performance was deficient, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S.Ct. at 2065. "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). We must defer to trial strategy and tactical choices when they are informed ones based upon adequate preparation. Id.

On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

The petitioner argues that trial counsel was ineffective by failing to challenge the introduction of the petitioner's second statement to authorities. In this statement, the petitioner admitted to police that he had been in the victim's house. Trial counsel testified at the post-conviction hearing that this second statement was consistent with the version of the facts relayed to him by the petitioner before trial. Moreover, trial counsel testified that while the victim was unable to identify the petitioner's face, her description of the assailant's clothing matched the petitioner's clothing at the time he was arrested a short distance from the victim's house. As such, trial counsel indicated that the petitioner's statement, taken shortly after the offense and without counsel, was consistent with the defense's theory that the petitioner had been in the house but that he had been drunk and had thought it was his friend's house. Moreover, trial counsel testified that he was unaware of any basis to successfully challenge the introduction of the petitioner's statement. The post-conviction court did not find the performance of defense counsel to be inadequate, nor did it find any reason to set aside the verdict and grant a new trial.

This Court has reviewed the record in this case, the petitioner's brief, and the state's motion, and we conclude that this is an appropriate case for affirmance pursuant to Rule 20.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

ENTER, this the _____ day of July, 1997.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE