IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

February 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| LUTCHER EIDSON, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9607-CR-00295 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Thomas H. Shriver, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Geoffrey Coston
2813 West End Ave.
Nashville, TN 37203

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Clinton J. Morgan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
John Zimmerman
James Sledge
Assistant District Attorneys General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Lutcher Eidson, appeals as of right from the denial of his petition for post-conviction relief by the Davidson County Criminal Court relative to his 1989 convictions for two counts of assault with intent to commit first degree murder, one of which resulted in bodily injury. The convictions were affirmed on appeal. State v. Lutcher Eidson, No. 01C01-9004-CR-00097, Davidson County (Tenn. Crim. App. Dec. 12, 1990), app. denied (Tenn. Feb. 25, 1991). He is presently in the custody of the Department of Correction serving an effective sentence of forty-five years as a Range II, persistent offender. The petitioner contends that the trial court erred in concluding that he received the effective assistance of counsel at his trial. We disagree.

In the direct appeal of the conviction, this court succinctly stated the evidence as follows:

> Several witnesses testified the appellant was one of two men who fired shots at a group of people who were standing in a parking lot at a service station. One person was critically injured by the shooting. There was no evidence submitted to refute this evidence presented by the state. The appellant argues the evidence is insufficient because one of the state's witnesses gave testimony inconsistent with the testimony of other state's witnesses.

In this post-conviction case, the petitioner mainly complains about his attorney's failure to interview or call as witnesses people who would help the petitioner's case, including presenting an alibi. He also complains about lack of cross-examination of certain state witnesses.

At the evidentiary hearing, the petitioner testified regarding named individuals who, he claimed, would support an alibi defense. His attorney acknowledged not interviewing the purported alibi witnesses, including the petitioner's ex-wife, but testified that the petitioner admitted to him that he, the petitioner,

2

committed the shootings. The attorney stated that he was not going to assist in perjury. When questioned about not pursuing other potential witnesses to the events, the attorney stated that the owner of a nearby book store was uncooperative and that a severed codefendant also refused to talk to him.

Under the law governing these proceedings, to establish that he received the ineffective assistance of counsel at trial, it was incumbent upon the petitioner to prove by the preponderance of the evidence that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases and that such improper performance prejudiced him so as to deprive him of a fair trial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); State v. Cook, 749 S.W.2d 42, 45 (Tenn. Crim. App. 1987); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In this appeal, the burden is upon the petitioner to demonstrate that the evidence preponderates against the trial court's findings. See Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991).

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In this respect, the crucial defect in the petitioner's case is that the potential witnesses and the unexamined witnesses were not called to testify at the post-conviction evidentiary hearing. It is imperative that the witnesses testify at the evidentiary hearing in order for the trial court to determine the potential merit of the evidence. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Thus, even if the attorney's lack of witness investigation and lack of cross-examination were

3

to be viewed as deficient performance, the petitioner has failed to show that any prejudice to him resulted from such deficiency.

The trial court noted that the petitioner's attorney had vigorously contested the identification evidence presented by the state at trial and had performed above average in his actions. It concluded that the petitioner received the effective assistance of counsel. With the record failing to show how the petitioner was prejudiced by the claimed lack of investigation and lack of cross-examination by his attorney, we are bound by the trial court's determinations. The judgment is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge

4