IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

**FILED**

**June 6, 1997**

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **JOHN W. SMITH,** | ) | |
| | ) | **C.C.A. NO. 01C01-9607-CR-00302** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | **(91-D-2135 Below)** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **The Hon. Ann Lacy Johns** |
| | ) | |
| Appellee. | ) | **(Denial of Post-Conviction Relief)** |

**O R D E R**

This case came to be heard on the motion of the state for an affirmance of the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules. Based on our review of the state's motion, the appellant's brief, and the record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20.

The issue raised in this appeal is whether the trial court erred in denying post-conviction relief based on his claim of ineffective assistance of counsel. Specifically, the appellant claims that his guilty plea to three counts of aggravated robbery was not voluntary and knowing because his attorney erroneously advised him that he would be sentenced as a Range II offender if he did not accept the plea. The appellant contends that his three prior armed robberies occurred within a 24-hour period and that counsel erroneously advised him that the convictions would be considered as separate offenses for purposes of sentence enhancement. At the post-conviction hearing, trial counsel testified that to the best of his recollection, he advised the appellant that if he went to trial, he could possibly be sentenced as a Range II offender.

Under T.C.A. § 40-35-106(a)(1), a defendant can be sentenced as a "multiple offender" if he or she has a "minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes."

From the record, it appears that the appellant had at least three prior convictions for armed robbery in 1987. Because the armed robberies occurred within a 24-hour period and because none of the victims in the armed robberies were harmed or suffered any bodily injury, the appellant contends that counsel should have advised him that such activity would only be considered as one conviction for purposes of sentence enhancement. The appellant cites to T.C.A. § 40-35-106(b)(4), which states:

> Convictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours, constitute one (1) conviction for the purpose of determining prior convictions; however acts resulting in bodily injury or threatened bodily injury to the victim or victims shall not be construed to be a single course of conduct.

(Emphasis added).

In finding that the appellant received effective assistance of counsel, the trial court stated:

> [Counsel's] advice was quite correct, given the nature of these charges, aggravated robberies, which involve the use or display of a deadly weapon or something used so that the victim reasonably believed it to be a deadly weapon and/or serious bodily injury to the victims. Range two sentencing, regardless of the -- whether or not the prior armed robberies occurred on the same day or within the same twenty-four hour period, range two sentencing would have been the result.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 5067, 80 L.Ed.2d 674 (1984). Moreover, on appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991); Brooks v. State, 756 S.W.2d 288, 289 (Tenn.

-2-

Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderates against those findings. <u>Clenny v. State</u>, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), <u>cert. denied</u>, 441 U.S. 947, 99 S.Ct. 2170, 60 L.Ed.2d 1050 (1979).

From the record before this Court, it is clear that the trial court properly found that the appellant failed to establish a claim of ineffective assistance of counsel, and this issue is without merit.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. Because the appellant is indigent, costs of this appeal are taxed to the state.

Enter this the _____ day of June, 1997.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE