# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 14, 2010 Session

## RAYMOND E. McNEIL v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Williamson County
### No. CR044122     Jeffery S. Bivins, Judge

---

### No. M2010-00671-CCA-R3-PC - Filed March 1, 2011

---

Following a jury trial, the Petitioner, Raymond E. McNeil, was convicted of Class D felony evading arrest and driving on a revoked license, a Class B misdemeanor. See Tenn. Code Ann. §§ 39-16-603(b)(3), 55-50-504(a)(1).  This Court affirmed his convictions on direct appeal. See State v. Raymond McNeil, No. M2007-01566-CCA-R3-CD, 2008 WL 4170330 (Tenn. Crim. App., Nashville, Sept. 10, 2008), perm. to appeal denied, (Tenn. Feb. 17, 2009). The Petitioner filed a timely petition for post-conviction relief.  Following an evidentiary hearing, the post-conviction court denied relief.  In this appeal, the Petitioner raises the following issues for review: (1) Trial Counsel was ineffective for putting a police officer's unredacted incident report on the overhead projector; (2) Trial Counsel was ineffective for acquiescing in the admission of the incident report into evidence; and (3) The trial court erred when it allowed the entire incident report into evidence.  After our review, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

Neil Campbell, Franklin, Tennessee, for the appellant, Raymond E. McNeil.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Kim R. Helper, District Attorney General; and Derek Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In the Petitioner's direct appeal, this Court summarized the facts underlying his convictions as follows:

The [Petitioner's] convictions relate to a series of events that took place on April 12, 2005, in Franklin, Tennessee. On that date, Sergeant James Handy of the Williamson County Sheriff's Department went to the Franklin Estates trailer park to "serve some papers" on the [Petitioner]. As Sergeant Handy sat at the entrance of the trailer park, he observed the [Petitioner] drive by in a white, four-door Cadillac with Phillip Martin in the passenger seat. Sergeant Handy, who was familiar with both the [Petitioner] and Mr. Martin, activated his blue lights and fell in behind the white Cadillac. At that point, the [Petitioner] "slowed down and he pulled over to the right shoulder of the road. And then . . . he took off again." Sergeant Handy activated his siren and gave chase. The white Cadillac "proceeded on towards Jim Warner Park, where [the Petitioner] almost collided with several other vehicles" including a City of Franklin public works truck. The city truck and other vehicles were forced to take evasive action to avoid being struck by the white Cadillac. The [Petitioner] then sped through a stop sign, and the chase route wound through a residential area, where the [Petitioner's] vehicle reached speeds of 50 to 60 miles per hour despite the posted 30-miles-per-hour speed limit. The [Petitioner] continued into the park, where, despite the 15-miles-per-hour speed limit, he drove at speeds in excess of 50 miles per hour. Sergeant Handy abandoned the chase when the [Petitioner] entered the park because "of the risk to other people."

John Brown testified that he and his wife were traveling on Highway 96 on April 12, 2005, when he observed "a white vehicle passing a car on the right shoulder of the road, traveling West . . . . Looked like he was driving erratically . . . and in a reckless manner." Mr. Brown's wife, Laurie Brown, corroborated her husband's testimony, noting that she saw the white Cadillac pass a car on the right before "swerving" back into traffic. She also saw the car pass "cars on the oncoming side of traffic when there wasn't a passing lane, and go back into traffic." Ms. Brown recalled that the driver of the white Cadillac was a white male with a "slim build [and] dark hair."

The [Petitioner's] passenger, his brother-in-law Phillip Martin, admitted that the [Petitioner] "kept going" when Sergeant Handy attempted to stop the

-2-

vehicle. Although Mr. Martin denied seeing Sergeant Handy activate his blue lights, he stated that he was sure the officer "was trying to stop us."

State v. Raymond McNeil, No. M2007-01566-CCA-R3-CD, 2008 WL 4170330, at *1 (Tenn. Crim. App., Nashville, Sept. 10, 2008), perm. to appeal denied, (Tenn. Feb. 17, 2009).

After this Court affirmed his convictions, the Petitioner timely filed a petition for post-conviction relief, and his post-conviction hearing was conducted on December 15, 2009. Trial Counsel was the only witness who testified. Trial Counsel stated that, after graduating law school, he worked as an Assistant District Attorney General for three years, during which time he prosecuted "thousands" of cases and conducted at least twenty jury trials. He stated that he entered private practice in January 2004, and subsequently, handled over two hundred criminal cases. Trial Counsel also testified that he is a Major in the United States Army Reserves, serving as a Judge Advocate.

Trial Counsel recalled that he filed a motion in limine to exclude any mention of the facts that the Petitioner was on parole or that Sergeant Handy went to serve a parole violation warrant on the Petitioner at the time of the incident in question. Trial Counsel said that he used Sergeant Handy's incident report to impeach him because, in his opinion, Sergeant Handy had omitted several important details from the report. However, Trial Counsel admitted that he made a mistake when he put an unredacted copy of the incident report on the overhead projector. The unredacted copy of the incident report contained the following sentence: "On 4-12-05 at approximately 0945 I went into Franklin Estates in an attempt to serve an outstanding parole violation on Raymond E. McNeil." In the redacted copy subsequently submitted into evidence, the phrase "an outstanding parole violation on" was removed. Trial Counsel estimated that the unredacted copy of the incident report was on the overhead projector "for a couple of seconds" until he realized his error and moved it. When asked whether any jurors would have seen the part about the parole violation while the incident report was on the screen, Trial Counsel replied, "I don't have any reason to believe that, but they could have."

Trial Counsel said that, while he was questioning Sergeant Handy about the information he did not include on the incident report, the State requested that the complete incident report be entered into evidence under Rule 106 of the Tennessee Rules of Evidence. When asked about whether he objected to the State's request, Trial Counsel replied, "Yes, I objected to—well, if you look at the transcript it says, Your Honor, we object to one thing in there and [the reference to the parole violation] was the part—I wanted the report in because it showed that he didn't include all this information, but I wanted that redacted." He further explained, "The Judge's solution to my objection was to redact the mention of him being on parole and that is why the report that is in the file is whited out."

The incident report also contained the following sentence: "Williamson County Sheriff's Department dispatch received several calls from motorist [sic] regarding a white [C]adillac driving at a high rate of speed westbound on Hwy 96 passing several vehicles at a time." Trial Counsel recalled that the jury had already heard about calls to dispatch because Sergeant Handy "blurted out that he did not put out a BOLO, but that dispatch had basically, based on the calls coming in to dispatch." Additionally, the incident report stated that "[a] computer check revealed that Mr. Mc[N]eil's license was revoked" and that this was his seventh offense of driving on a revoked license. The report also listed that the Petitioner had four tattoos, a dirty appearance, missing teeth, and collar-length hair. The incident report indicated that the Petitioner's "custody status" was "in jail/prison." When asked whether he remembered seeing those other pieces of information on the incident report, Trial Counsel said, "To be honest with you, I can't remember if I saw them on there or not." Trial Counsel acknowledged that he thought the "in jail/prison" status and indication that this was the Petitioner's seventh driving on a revoked license offense was prejudicial information.

Testimony during the trial also indicated that the Petitioner's parole identification card was found in a white Cadillac the Petitioner had left parked at an auto shop. Trial Counsel recalled that he objected to the admission of the parole identification card, and the trial court's "solution was to redact anything besides the State of Tennessee and leave some numerals on there" so the jury would not know it was a parole identification card. Trial Counsel elaborated, "Again, I tried to make an argument that the thing, even after it was redacted would be suspicious," however, his argument was not successful in the trial court.

The post-conviction court found that the Petitioner failed to prove any of his claims by clear and convincing evidence and ordered that his petition for relief be dismissed. The Petitioner now appeals.

**Analysis**

In this appeal, the Petitioner raises the following issues for review: (1) Trial Counsel was ineffective for putting Sergeant Handy's unredacted incident report on the overhead projector; (2) Trial Counsel was ineffective for acquiescing in the admission of the incident report into evidence; and (3) The trial court erred when it allowed the entire incident report into evidence.

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not

the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

## I. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. To demonstrate prejudice, a defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

## A. Briefly Showing Unredacted Incident Report on Projector

The Petitioner argues that Trial Counsel was ineffective for briefly putting Sergeant Handy's unredacted incident report on the overhead projector. The post-conviction court found as follows:

> The [c]ourt expressly finds [T]rial [C]ounsel's testimony credible on all issues in this case. . . .
>
> The testimony at the [post-conviction] hearing demonstrated that [T]rial [C]ounsel inadvertently let a portion of the report indicating that the officer was attempting to serve a parole violation warrant on [the Petitioner] flash up on the screen for a very brief period of time. It is very doubtful that any juror saw this. In any event, the [c]ourt does not find that this rises to the level of ineffective assistance of counsel. Moreover, considering the overwhelming evidence against [the Petitioner], he clearly has failed to demonstrate any prejudice on this issue.

We conclude that the post-conviction court did not err when it found that the Petitioner failed to prove that Trial Counsel was ineffective for mistakenly putting the unredacted incident report briefly on the projector. Trial Counsel was the only witness presented during the post-conviction hearing, and he testified that the unredacted version of the report was on the projector "for a couple of seconds" until he realized his error and moved it. Trial Counsel said that, although he was not sure whether any of the jurors saw the part about the parole violation, he did not have any reason to believe that they had. The Petitioner failed to present any clear and convincing evidence that Trial Counsel's brief and inadvertent error prejudiced him during the trial. The Petitioner is not entitled to relief on this issue.

## B. Admission of Incident Report

While Trial Counsel was cross-examining Sergeant Handy, he asked him about several details that he failed to include in the incident report. The State asked to have the

complete incident report entered into evidence per Rule 106 of the Tennessee Rules of Evidence. See Tenn. R. Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."). Trial Counsel objected because of the mention of the parole violation in the incident report. The trial court ordered that the phrase stating "an outstanding parole violation on" be redacted. During the post-conviction hearing, Trial Counsel said that he "wanted the report in because it showed that [Sergeant Handy] didn't include all this information, but I wanted [the reference to a parole violation] redacted." However, Trial Counsel acknowledged that the report also indicated that Petitioner's custody status was "in jail/prison" and that this was his seventh offense of driving on a revoked license, which could have prejudiced the jury. In this appeal, the Petitioner contends that Trial Counsel was ineffective for acquiescing in the admission of the incident report into evidence.

The post-conviction court found that the Petitioner failed to demonstrate prejudice regarding this issue. We agree. As we noted in the Petitioner's direct appeal, the evidence presented at his trial "overwhelmingly supported the [Petitioner's] conviction for Class D felony evading arrest." See McNeil, 2008 WL 4170330, at *2. Sergeant Handy testified that, when he witnessed the Petitioner and Mr. Martin drive by him in a white Cadillac, he activated his blue lights but the Petitioner did not stop. While he was chasing the Petitioner, he witnessed the Petitioner "almost collide[] with several other vehicles." Sergeant Handy observed the Petitioner travel approximately fifty to sixty miles per hour in a residential area, where the posted speed limit was thirty miles per hour. He then witnessed the Petitioner traveling over fifty miles per hour in a park, where the speed limit was fifteen miles per hour. Sergeant Handy also testified that, after the Petitioner was apprehended and arraigned, the Petitioner asked him if he was mad because he was not the one that caught the Petitioner. Mr. and Mrs. Brown both testified that they saw a white car driving erratically on Highway 96 on April 12, 2005. Moreover, Mr. Martin, the Petitioner's brother-in-law, testified that he was in the vehicle with the Petitioner and that the [Petitioner] continued to drive when Sergeant Handy attempted to stop the vehicle. Although Mr. Martin denied seeing Sergeant Handy activate his blue lights, he stated that he was sure the officer "was trying to stop us." Regarding proof for his driving on a revoked license charge, the State entered into evidence a certified copy of the Petitioner's driving status, on April 12, 2005, from the Department of Safety. Thus, due to the overwhelming evidence of the Petitioner's guilt presented during his trial, we agree with the post-conviction court that the Petitioner failed to demonstrate that he was prejudiced by the admission of the incident report into evidence. The Petitioner is not entitled to relief on this issue.

## II. Trial Court's Decision to Admit the Complete Incident Report and Redacted Parole Identification Card into Evidence

Finally, the Petitioner argues that the trial court erred when it allowed the entire incident report and the redacted parole identification card into evidence. The Petitioner argues that this evidence violated his right to confront witnesses and was not properly admissible under Rule 106 of the Tennessee Rule of Evidence.

Regarding the Petitioner's argument that the admission of the complete incident report (with the phrase "an outstanding parole violation on" redacted) and the redacted copy of his parole identification card violated his right of confrontation, we conclude that this issue has been waived because it could have been presented on direct appeal. See Tenn. Code Ann. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.").

As to the Petitioner's argument that the trial court erred by admitting the incident report under Rule 106 of the Tennessee Rules of Evidence, we agree with the State that this issue is not proper in a post-conviction relief proceeding. This Court "will reverse a trial court's determination under Rule 106 only upon an abuse of discretion." State v. Vaughan, 144 S.W.3d 391, 407 (Tenn. Crim. App. 2003). However, "a trial court's exercise of judicial discretion may not be reviewed in a post-conviction proceeding." Rhoden v. State, 816 S.W.2d 56, 64 (Tenn. Crim. App. 1991). Therefore, the Petitioner is not entitled to relief on this issue.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the dismissal of the Petitioner's post-conviction relief petition.

_____
DAVID H. WELLES, JUDGE