IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 18, 2018 at Knoxville

**ANTONIO HOWARD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 12-02872    James M. Lammey, Jr., Judge**

_____

**No. W2018-00786-CCA-R3-PC**
_____

The Petitioner, Antonio Howard, filed a petition for post-conviction relief, alleging, among other things, that trial counsel was ineffective for failing to file a timely motion for new trial. After a review of the record, we hold that the Petitioner's trial counsel was deficient in this regard and that the Petitioner was presumptively prejudiced by the deficiency. Therefore, we reverse the judgment of the post-conviction court denying the petition and remand this case with instructions to that court that it grant the Petitioner a delayed appeal, beginning with the right to file a delayed motion for new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the Appellant, Antonio Howard.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd and Jamie Kidd, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

The Petitioner was convicted by a jury of six counts of aggravated rape, one count of especially aggravated robbery, two counts of aggravated robbery, and three counts of aggravated assault. State v. Antonio Howard, No. W2014-02488-CCA-R3-CD, 2016

WL 3131515, at *1 (Tenn. Crim. App. May 26, 2016). The Petitioner received a total effective sentence of 124 years for these convictions. Id.

A full synopsis of the facts supporting the Petitioner's convictions was provided by this court on direct appeal. See Howard, 2016 WL 3131515, at *1-5. Additionally, the Petitioner raised the following issues for our review on direct appeal: (1) the evidence was insufficient to support his convictions, and the trial court erred by denying the Petitioner's motion for judgment of acquittal; (2) the trial court erred by imposing the maximum sentence within the applicable range and imposing consecutive sentencing; and (3) the trial court erred by allowing a co-defendant to testify wearing "street clothing," by allowing a victim to testify to "prejudicial, irrelevant and inflammatory information," and by not permitting the Petitioner to cross-examine a State's witness about the substance of her report. Id. at *1. This court addressed the Petitioner's sufficiency and sentencing issues and found those to be without merit. Id. at *5-11. Furthermore, plenary review of the remaining alleged errors was waived because trial counsel failed to file a timely motion for new trial. Id. at *12. No plain error analysis was conducted. See id.

The Petitioner filed a pro se petition for post-conviction relief on December 6, 2016, alleging numerous grounds of ineffective assistance of counsel and prosecutorial misconduct. As relevant on appeal, the Petitioner argued that trial counsel was ineffective for failing to file a timely motion for new trial, "thus procedurally barring [the] Petitioner from pursuing meritorious issues on appeal, thereby failing to subject the State['s] case to adversarial scrutiny on appeal." The Petitioner cited to Wallace v. State, 121 S.W.3d 652 (Tenn. 2003), and submitted that the record established that he clearly "intended to file a motion for new trial." The Petitioner requested relief in the form of a new trial. Although counsel was appointed for the Petitioner on February 28, 2017, no amended petition was filed by counsel.[1] Instead, the Petitioner pro se filed an amended

---

[1] We note that post-conviction counsel failed to follow Tennessee Supreme Court Rule 28 section 6(C). That rule provides,

> (2) Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims.

> (3) Appointed or retained counsel shall file the certificate of counsel set forth in the appendix within thirty (30) days of either being retained or appointed to represent petitioner, except for good cause shown.

However, "there is no constitutional entitlement to the effective assistance of counsel in a post-conviction proceeding." Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010). Moreover, our supreme court has stated that, while Tennessee Supreme Court Rule 28 section 6(C)(2) and section 6(C)(3) "set forth a

petition on January 3, 2018, contending that he had "new and reliable evidence" of his innocence because the Tennessee Bureau of Investigation report "demonstrate[d] that [the Petitioner's] DNA did not match the DNA that was found on [the] victim [L.G.],[2] but [was] rather that of co-defendant Leon Denton." The Petitioner further asserted "that the trial court should have utilized the thirteenth juror rule" because the "weight of the evidence went against the jury's verdict[.]"

A hearing on the pro se petitions was conducted on March 27, 2018. We will recount only the facts relevant to the issue presented on appeal. At the hearing, trial counsel was asked why he failed to file a timely motion for new trial in the Petitioner's case. Trial counsel explained that it was simply a calendar calculation error that resulted in the motion's being one or two days late.[3] Trial counsel claimed that he arrived in court with a motion "in hand" only to learn that the time for filing had passed. Trial counsel acknowledged that the failure to timely file a motion for new trial resulted in the waiver of all issues except for sufficiency of the evidence and sentencing. He agreed that any additional issues were reviewable for plain error only. Trial counsel opined that, even if the Petitioner's issues had been properly raised, they would not have entitled him to relief because the "proof in the matter was so overwhelming[.]"

The Petitioner testified that he did not understand the motion for new trial process and that trial counsel never explained it to him. In addition, the Petitioner claimed that trial counsel did not discuss with him what issues would be raised on appeal. According to the Petitioner, trial counsel sent him a letter stating that the Petitioner's appeal had been denied, and the Petitioner never heard from trial counsel again.

Post-conviction counsel argued that trial counsel was ineffective because the Petitioner "was denied three possible grounds on appeal[.]" The prosecutor relayed that, in addition to sufficiency of the evidence and sentencing, "at least two" of the Petitioner's issues were reviewed on direct appeal for plain error. The prosecutor further maintained that, even if the additional issues had been properly raised by trial counsel, those issues would not have entitled the Petitioner to relief. Accordingly, the prosecutor asserted that the Petitioner had failed to establish prejudice.

---

minimum standard of service to which post-conviction counsel is held," they "do not provide any basis for relief from a conviction or sentence." Id. at 681.

[2] It is the policy of this court to refer to victims of sexual crimes by their initials.

[3] To assist in the resolution of this proceeding, we take judicial notice of the appellate record from the Petitioner's prior direct appeal. See Tenn. R. App. P. 13(c). No motion for new trial is present in that record.

The post-conviction court denied the Petitioner's request for post-conviction relief orally from the bench, concluding that, while trial counsel was deficient for failing to timely file a motion for new trial, the Petitioner was not prejudiced by that deficiency in light of the "overwhelming" proof at trial and the fact that the Petitioner "still got an appeal." An order was entered to that effect on March 29, 2018. This timely appeal followed.

ANALYSIS

The Petitioner argues that trial counsel's failure to timely file his motion for new trial was deficient and that, if a motion been timely filed, then his issues "would have been reviewed under a different, more favorable standard." The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts

"must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689). Additionally, a reviewing court "must be highly deferential and 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" State v. Honeycutt, 54 S.W.3d 762, 767 (Tenn. 2001) (quoting Strickland, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

Generally, as to the prejudice prong, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (citing Strickland, 466 U.S. at 694). However, in some cases, "counsel's performance is so deficient that it becomes presumptively prejudicial." Wallace v. State, 121 S.W.3d 652, 657 (Tenn. 2003) (citing United States v. Cronic, 466 U.S. 648 (1984)). That is, "when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' the process becomes 'presumptively unreliable' and proof of actual prejudice is not required." Id. (quoting Cronic, 466 U.S. at 659). Our supreme court has held that counsel's failure to file a timely motion for new trial constitutes "abandonment . . . at such a critical stage of the proceedings" and results in "the failure to preserve and pursue the available post-trial remedies and the complete failure to subject the State to the adversarial appellate process." Id. at 658. Such a failure is, therefore, "presumptively prejudicial." Id. The court, however, "declin[ed] to adopt a per se rule regarding a trial counsel's failure to file a motion for new trial," and instead, articulated a specific test: "[A] petitioner in a post-conviction proceeding must establish that he or she intended to file a motion for new trial and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." Id. at 659.

We conclude that trial counsel's failure to file a timely motion for new trial constituted deficient performance. See Wallace, 121 S.W.3d at 657; Elmi Abdulahi Abdi v. State, No. M2012-02688-CCA-R3-PC, 2013 WL 6081461, at *9 (Tenn. Crim. App. Nov. 18, 2013); Ricky Lynn Earls v. State, No. M2003-3011-CCA-R3-PC, 2005 WL 901142, at *5 (Tenn. Crim. App. Apr. 19, 2005). Because the untimely motion for new

-5-

trial resulted in the failure to "preserve and pursue" the Petitioner's additional issues on direct appeal, and because the resulting waiver constituted the "failure to subject the State to the adversarial appellate process," the Petitioner was presumptively prejudiced by trial counsel's deficient performance. See Wallace, 121 S.W.3d at 658; Abdi, 2013 WL 6081461, at *9.

Here, the post-conviction court concluded that trial counsel was deficient for failing to file a timely motion for new trial but that the Petitioner was not prejudiced by the error, especially given the strength of the evidence presented against the Petitioner at trial and the fact that the Petitioner "still got an appeal." However, the Petitioner's issues other than sufficiency and sentencing were waived by this court on direct appeal and were not reviewed for plain error. Accordingly, the post-conviction court erred when it denied relief based on an actual prejudice analysis, rather than the presumed prejudice analysis required by our supreme court in Wallace, 121 S.W.3d at 656-58. See also Abdi, 2013 WL 6081461, at *9. The State concedes error and agrees that the Petitioner is entitled to a delayed appeal.

Because an appeal was in fact filed raising additional issues on behalf of the Petitioner, and because trial counsel testified that he arrived in court with a motion for new trial in hand, it is apparent from the record that the Petitioner "intended to file a motion for new trial, and that but for the deficient representation of counsel, a motion for new trial would have been filed raising issues in addition to sufficiency of the evidence." Wallace, 121 S.W.3d at 659; Abdi, 2013 WL 6081461, at *9; Michael Morani v. State, No. E2005-01897-CCA-R3-PC, 2006 WL 1815072, at *5 (Tenn. Crim. App. June 30, 2006). Therefore, we conclude that the Wallace factors have been satisfied and that the appropriate remedy is to grant the Petitioner a delayed appeal. See Tenn. Code Ann. § 40-30-113(a); Wallace, 121 S.W.3d at 656; Abdi, 2013 WL 6081461, at *9; Timothy Turner v. State, No. M2008-00372-CCA-R3-PC, 2009 WL 1175116, at *5 (Tenn. Crim. App. May 1, 2009); Terry Lynn Byington v. State, No. E2006-01712-CCA-R3-PC, 2007 WL 4167812, at *4-5 (Tenn. Crim. App. Nov. 26, 2007).

Rule 28 of the Tennessee Rules of the Supreme Court allows either a trial court or this court to grant a delayed appeal and provides that, when a petitioner appeals a post-conviction court's denial of a delayed appeal, this court shall "resolve this issue along with any other issues raised in the post-conviction appeal." Tenn. R. Sup. Ct. R. 28, § 9(D)(2)(a). Accordingly, based upon the presumptive prejudice of trial counsel's failure to file a timely motion for new trial, the Petitioner is entitled to post-conviction relief in the form of a delayed appeal.

Additionally, the State acknowledges that this court is bound by Wallace but argues that Wallace was wrongly decided. We note that Rule 28 further states that, "[s]hould the Court of Criminal Appeals grant a delayed appeal, the post-conviction

appeal shall not be stayed; instead any party may challenge the decision of the Court of Criminal Appeals, or any portion thereof, by filing an application for permission to appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure." Tenn. R. Sup. Ct. R. 28, § 9(D)(2)(a).  The State of course is free to pursue this issue with the Tennessee Supreme Court.

## CONCLUSION

We conclude that the Petitioner is entitled to post-conviction relief in the form of a delayed appeal resulting from trial counsel's failure to file a timely motion for new trial.  Accordingly, we reverse the judgment of the post-conviction court denying relief and remand this case to the post-conviction court for that court to enter an order allowing the Petitioner to file a new motion for new trial.  Thereafter, the Petitioner shall be permitted to file a delayed appeal.

_____
D. KELLY THOMAS, JR., JUDGE