FILED

06/17/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2020

**SHAWN DALLAS OWEN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 112554      G. Scott Green, Judge**

_____

**No. E2019-01242-CCA-R3-PC**

_____

The Petitioner, Shawn Dallas Owen, pled guilty to one count each of burglary, identity theft, credit card fraud, forgery, simple possession of marijuana, and driving on a revoked license.  The Petitioner was given a total effective sentence of fourteen years to be served on supervised probation.  Upon being served with a warrant alleging the Petitioner violated his probation, he subsequently filed a petition seeking post-conviction relief from his guilty plea, alleging, among other things, that trial counsel was ineffective because of the failure to properly advise the Petitioner regarding the grading of the credit card fraud offense to which he was pleading guilty.  The Petitioner appeals the post-conviction court's denial of relief. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Shawn Dallas Owen.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley Dawn McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 30, 2017, the Petitioner pled guilty by information to one count each of burglary, identity theft, credit card fraud, forgery, simple possession of marijuana, and driving on a revoked license. [1]  See Tenn. Code Ann. §§ 39-14-114, 39-14-118, 39-14-

_____

[1] The plea hearing transcript was not included in the record.

150, 39-14-402, 39-14-418, 55-5-504. The Petitioner received an eight-year sentence for the burglary conviction, a four-year sentence for the identity theft conviction, a four-year sentence for the credit card fraud, a two-year sentence for the forgery conviction, an eleven month and twenty-nine-day sentence for the simple possession conviction, and a six-month sentence for the driving on a revoked license conviction. The eight-year sentence, the four-year sentence for identity theft, and two-year sentence were to run consecutively, with the simple possession, the credit card fraud, and driving on a revoked license sentences to run concurrently, for a total effective sentence of fourteen years to be served on supervised probation.

The Petitioner filed a petition seeking post-conviction relief on March 6, 2018, after being served with a violation of probation warrant. The Petitioner later filed an amended post-conviction petition. The Petitioner argued that his guilty plea was unknowing and involuntary and that he received ineffective assistance of counsel. The post-conviction hearing was held on June 6, 2019. The Petitioner and trial counsel testified.

The Petitioner testified that he did not have a preliminary hearing. The Petitioner had originally been represented by one lawyer on his initial charges, but he was appointed a different lawyer when he was arraigned on a new forgery charge. Additionally, the Petitioner had complained about his original trial counsel, with whom he had discussed a guilty plea.

The Petitioner asserted that his original trial counsel informed him that he was a Range II offender because of previous felony convictions and that the sentence for burglary was eight years. The Petitioner testified that original trial counsel did not speak with him about the identity theft charge and did not discuss whether the burglary charge could possibly be classified as a lesser offense. The Petitioner further asserted that original trial counsel relayed to him that the use of someone else's debit card "shouldn't have been identity theft[.]" The Petitioner was later charged with one count of forgery when "somebody wrote [him] a check[,]" but that person "didn't have permission to write a check."

The Petitioner did not speak with his latter trial counsel about the burglary charge, but he did "ask[] [latter trial counsel] about the deal that [original trial counsel] had worked up with the prosecution." At that time, the Petitioner expected to receive a sentence of "twelve years at [thirty-five] percent." The Petitioner asserted that he did not know if the identity theft charge and the use of a credit card charge relied on the same facts or different facts and did not discuss these with latter trial counsel.

-2-

Referencing the credit card fraud, the Petitioner claimed that latter trial counsel did not inform him of different sentences for different classes of theft. Additionally, the Petitioner testified that latter trial counsel failed to inform him about the recent changes to the theft grading statute. The Petitioner discovered the difference "probably six months after" he pled guilty based upon his own research. Prior to this research, the Petitioner claimed that he was not aware of the difference. The Petitioner discovered this information by "look[ing] it up on the West Law Library." He asserted that he would not have pled guilty to a felony if he had known the charge could have been classified a misdemeanor, even though the classification from felony to misdemeanor would not have affected the length of the Petitioner's effective sentence.

The Petitioner recalled the trial court's announcing at his plea hearing that his sentence would be fourteen years to be served at thirty-five percent. The Petitioner recalled signing a "Rights Waiver Form" and hearing that his total effective sentence would be fourteen years during his plea hearing. The Petitioner was released from custody on the same day as his guilty plea, and he was placed on supervised probation.

The Petitioner spoke with latter trial counsel on the day of his probation revocation hearing about the discrepancy between the twelve-year sentence he expected and the fourteen-year sentence he ultimately received. The Petitioner testified that he "would never ha[ve] pled to a felony if [he] thought it could've been a misdemeanor," referencing the credit card fraud charge. The Petitioner asserted that he would have rejected the plea offer if he had known the charge could have been classified as a lesser offense.

The Petitioner testified that he would have gone to trial on his charges because he "signed [a plea agreement] for the maximum that [the trial court] could give[.]" Upon being questioned about a legal argument that his burglary charge may have been argued as a shoplifting charge, the Petitioner once again asserted that he would not have agreed to the plea deal if he had been properly informed. The Petitioner asked the post-conviction court to vacate his plea agreement and to reinstate his trial rights.

On cross-examination, the Petitioner agreed that he had multiple prior convictions, including two robberies and an aggravated burglary. The Petitioner asserted that he had obtained his GED while in custody. The Petitioner testified that he had written a letter to the trial court judge in January 2018 and that he had heard and understood what the trial court was announcing during his plea hearing. However, he thought his total sentence would be for twelve years, not fourteen years, despite hearing the judge say his total sentence would be fourteen years. The Petitioner asserted that latter trial counsel did not go over the possible punishments for each crime he was charged with and said "it didn't matter how it got there as long as it got there, for the probation deal."

The Petitioner asserted that he understood the consecutive sentences for the burglary count and identity theft count, as well as the concurrent sentence for credit card fraud, but he did not understand the consecutive sentence for the forgery count. The Petitioner testified that "latter [trial counsel] talked to me about it and the way [he] took it, it was supposed to run concurrent" with the burglary and identity theft charges. The Petitioner confirmed his signature was on the plea agreement document shown at the hearing. The Petitioner testified, however, that when he signed a plea document before his plea hearing, latter trial counsel "scratched through" something on that document and had the Petitioner initial the change. The Petitioner's initials were not included on the plea agreement document shown at the hearing. The Petitioner recalled the trial court's reading a waiver of rights and his agreeing to the waiver.

The Petitioner recalled asking latter trial counsel to offer ten years to the State as a plea agreement. The Petitioner asserted that it was more important for him to serve his sentence on probation and not in custody. The Petitioner testified that he spoke with his original trial counsel about the burglary charge, but not about the credit card fraud.

The Petitioner testified that on September 20, 2016, he was at the University Commons Walmart in Knox County and had put a flea collar in his pocket with the intent to take the collar without paying. The Petitioner was aware that he was not allowed to be in that Walmart and had previously been given a notification stating such. Regarding the credit card fraud, the Petitioner testified that he had possession of his mother-in-law's credit card, but he did not have permission "to spend some of the money[.]"

Latter trial counsel testified that when he was appointed to the Petitioner's case, "there was part of a plea agreement in place, but [the Petitioner] picked up new charges," referring to the aforementioned forgery charge. Latter trial counsel could not recall speaking to the Petitioner about the facts of the burglary charge, but he was "sure [he] probably did[.]" Similarly, latter trial counsel could not recall discussing the newer theft grading system with the Petitioner, but he was "sure that [he] did." Latter trial counsel asserted that the Petitioner "wanted a plea because he wanted probation."

On cross-examination, latter trial counsel testified that his general practice was to go over specific facts with clients. Additionally, latter trial counsel asserted that the Petitioner "wanted probation with the new charges[.]" Latter trial counsel testified that the Petitioner was not concerned with the length or structure of the plea agreement, so long as he was able to serve his sentence on probation.

Original trial counsel testified that his representation ended prior to the Petitioner's plea agreement. Original trial counsel withdrew when the Petitioner was

-4-

charged with the count of forgery. Original trial counsel recalled discussing legal challenges that could have been raised in regards to the burglary count. Original trial counsel could not recall discussing the new theft grading system. Original trial counsel and the Petitioner "mainly" discussed the Petitioner's being classified as a Range II offender and the burglary being classified as a D felony. On cross-examination, original trial counsel agreed that the Petitioner's main concern was being able to serve his sentence on probation and not in custody.

The post-conviction court filed an order on June 21, 2019, wherein it found that the Petitioner's testimony was not credible. The post-conviction court found that the Petitioner agreed to a fourteen-year offer because it guaranteed that he would be released on probation and that the Petitioner only filed a post-conviction relief petition after he was served with a violation of probation warrant. The post-conviction court denied the Petitioner's petition for relief.

## ANALYSIS

The Petitioner contends that the post-conviction court erred by denying him relief, arguing that trial counsel was ineffective because of the failure to properly advise the Petitioner of the theft grading system regarding his credit card fraud offense. The State responds that relief was properly denied because the post-conviction court credited latter trial counsel's testimony that he had discussed the theft grading system with the Petitioner and that the Petitioner was only concerned with serving his sentence on probation.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

As to the prejudice prong, in the context of a guilty plea the effective assistance of counsel is relevant only to the extent that it affects the voluntariness of the plea. Therefore, to satisfy the second prong of Strickland, the petitioner must show that "there is reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) see also Walton v. State, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

At the post-conviction hearing, both original and latter trial counsel testified that the Petitioner was not concerned with the structure of his plea agreement and was only concerned with serving his sentence on probation. Latter trial counsel testified that the Petitioner still wanted probation even after being charged with the additional count of forgery. Although latter trial counsel could not recall discussing the theft grading system with the Petitioner, he was sure he had done so because that was his practice.

-6-

The Petitioner testified that he had been convicted of felonies before, including two robberies and an aggravated burglary. Additionally, the Petitioner testified that he understood all of the court proceedings and had agreed to the plea at his plea hearing.

In its order, the post-conviction court found that the Petitioner had agreed to the plea offer "because it guaranteed he would be released to probation the day he entered his plea." The post-conviction court found it significant that the Petitioner did not see a "need to file the instant petition until [he] was arrested and served with the violation of probation warrant." The post-conviction court found that the Petitioner's plea was knowing and voluntary.

The Petitioner has failed to show by clear and convincing evidence that latter counsel did not properly inform him of the theft grading system prior to his plea agreement and thereby rendered deficient performance. The post-conviction court discredited the Petitioner's testimony. The Petitioner wanted to accept a plea offer to be served on probation. Additionally, the credit card fraud sentence was to run concurrently with the Petitioner's other offenses and would not have changed the length of the Petitioner's sentence. The Petitioner has failed to establish prejudice. Accordingly, we do not find any merit in the Petitioner's ineffective assistance claim.

## CONCLUSION

Based upon the foregoing, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE